# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. ROJAS BARRIGA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CATES, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:21-cv-01459-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 5)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Jose A. Rojas Barriga ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 4, 2022, the Court issued a screening order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days.  (ECF No. 5.)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.  (*Id.* at 8.)  The deadline has expired, and Plaintiff has failed

to file an amended complaint or otherwise communicate with the Court.

## II. Failure to State a Claim

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B. Plaintiff's Allegations

Plaintiff is currently housed at the California Correctional Institution ("CCI"), in Tehachapi, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) B. Cates, Warden, (2) Baker, CCRA Case Records, and (3) S. Vansickle, Counselor I.

Plaintiff alleges as follows.
I was sentenced to a 750 yrs to life for the charges range of 3-6-8 multiple charges

with same and similar offenses.  In my grievance claim, I'd discover that I was charged a serious violent crime and a prior prison that never occurred under 3rd striker.  When I requested my privacy act information, grievance office response that the court nor the District Attorney's office never submitted report to the CDCR electronic file. One thing also when I requested my calculation report the case record cannot provide copies here in CCI, Tehachapi and there's no accuracy at all.  I'm low risk – CSRA low and 33.3% under Federal ordered February 10, 2014.

(ECF No. 1, p. 3 (unedited text).)

Plaintiff alleges that in his grievance appeal, the response from Sacramento main office is that based on Plaintiff's case records, Plaintiff is eligible for release due to expiration of time and the decision time expired.  Plaintiff alleges the parties, the court, CDCR Warden have the responsibility in punishment of a defendant to have the legal documents in his central file in violation of Plaintiff's constitutional rights to have access to his Privacy Act information.

**C.     Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.

**1.     Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. Plaintiff's allegations must be based on facts as to what happened and not conclusions. The allegations are hard to follow, and it is unclear what each defendant did which Plaintiff claims violated his rights.  In fact, it is difficult to understand what Plaintiff claims is the

3

purported Constitutional violation.

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's complaint fails to link all Defendants to potential constitutional violations. Plaintiff must name individual defendants and allege what each defendant did or did not do that resulted in a violation of his constitutional rights. Plaintiff has not alleged what each individual defendant did or did not do that caused the asserted deprivation.

### 3. Supervisory Personnel

Insofar as Plaintiff is attempting to sue Defendant Cates, or any other defendant, based solely upon his or her supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045

4

1    (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v.*

2    *Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).  Supervisory liability may also exist without any

3    personal participation if the official implemented "a policy so deficient that the policy itself is a

4    repudiation of the constitutional rights and is the moving force of the constitutional violation."

5    *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations

6    marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

7         To prove liability for an action or policy, the plaintiff "must . . . demonstrate that his

8    deprivation resulted from an official policy or custom established by a . . . policymaker possessed

9    with final authority to establish that policy." *Waggy v. Spokane Cty. Wash.*, 594 F.3d 707, 713

10   (9th Cir. 2010).  When a defendant holds a supervisory position, the causal link between such

11   defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v.*

12   *Staple*y, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

13   1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in

14   civil rights violations are not sufficient.  *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir.

15   1982).

16        Plaintiff has failed to allege direct participation in the alleged violations by Defendant

17   Cates.  Plaintiff has failed to allege the causal link between defendant and the claimed

18   constitutional violation which must be specifically alleged.  He does not make a sufficient

19   showing of any personal participation, direction, or knowledge on the defendant's part regarding

20   any other prison officials' actions.  Plaintiff has not alleged that the Defendant personally

21   participated in the alleged deprivations.

22        Plaintiff fails to allege what the specific policy is and the causal link between such

23   defendant and the claimed constitutional violation.  Plaintiff also has failed to plead facts showing

24   that any policy was a moving force behind the alleged constitutional violations.  *See Willard v.*

25   *Cal. Dep't of Corr. & Rehab.*, No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014)

26   ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff

27   must identify a specific policy and establish a 'direct causal link' between that policy and the

28   alleged constitutional deprivation.").  Plaintiff has failed to allege facts demonstrating that the

policy itself is a repudiation of Plaintiff's Eighth Amendment rights.

### 4. No Constitutional Protection for Early Parole

To the extent Plaintiff is seeking early parole, Plaintiff cannot maintain a constitutional violation based on denial of early parole consideration, because Plaintiff has no protected liberty interest in parole. There is no right under the U.S. Constitution to be conditionally released before the expiration of a valid sentence. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011); *see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (there is no federal constitutional right to parole). It follows that there is no constitutional right to parole consideration. Deprivation of any rights to resentencing or early parole therefore cannot be vindicated here. *See* 42 U.S.C. § 1983 (only deprivation of rights secured by federal law is actionable under Section 1983); *see also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (state law issue cannot be transformed into federal law issue by merely invoking due process).

### 5. Habeas Action

The Court notes that is unclear what relief Plaintiff seeks in the instant proceeding and whether Plaintiff intends to state a habeas claim.

To the extent that Plaintiff is attempting to challenge the validity of his conviction and his incarceration, the exclusive method for asserting that challenge is by filing a petition for writ of habeas corpus. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action, and that their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead.").

### 6. Privacy Act

It is not clear if Plaintiff is attempting to bring a claim under the Privacy Act, 5 U.S.C. § 552a. To the extent that he is, he fails to state a claim. The Privacy Act only applies to the federal government, not state or local government agencies. *United States v. Streich*, 560 F.3d 926, 935 (9th Cir. 2009). "The Privacy Act prohibits federal agencies from disclosing certain personal records without an individual's consent, and also provides a means for an individual to

access his or her records maintained by a federal agency. 5 U.S.C. § 552a(d)(1)." *Jones v. Jimenez*, 2017 WL 85783, at *8 (E.D. Cal. Jan. 10, 2017), report and recommendation adopted sub nom. *Jones v. Lundy*, 2017 WL 915591 (E.D. Cal. Mar. 7, 2017). The Ninth Circuit "has held that the private right of civil action created by the Privacy Act, *see* 5 U.S.C. § 552a(g)(1) (providing that a private individual 'may bring a civil action against the agency'), 'is specifically limited to actions against agencies of the United States Government. The civil remedy provisions of the statute do not apply against private individuals, state agencies, private entities, or state and local officials.' " *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999) (emphasis omitted) (quoting *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985)). As Plaintiff is only suing state and local officials, Plaintiff has not stated a cognizable claim as Plaintiff has no right of action against the defendants under the Privacy Act of 1974.

### 7. Grievance Process

To the extent that Plaintiff seeks to state a claim based on any of the Defendants' handling or responding to his inmate appeals, Plaintiff cannot state a claim. Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Similarly, Plaintiff may not impose liability on a defendant simply because he or she played a role in processing or responding to Plaintiff's inmate appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (because an administrative appeal process is only a procedural right, no substantive right is conferred, no due process protections arise, and the "failure to process any of Buckley's grievances, without more, is not actionable under section 1983.").

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.   Discussion**

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's orders. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's January 4, 2022 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF No. 5, p. 8.) Thus, Plaintiff had adequate warning that dismissal

could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Although Plaintiff paid the filing fee and is not proceeding *in forma pauperis* in this action, in light of his incarceration it is not clear whether monetary sanctions will be of any use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### IV.     Conclusion and Recommendation

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a Court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 22, 2022**              /s/ *Barbara A. McAuliffe*            
                                             UNITED STATES MAGISTRATE JUDGE

9